Curia, -per
Dargan, Ch.
This Courtis perfectly satisfied with the decree of the Circuit Court, except in one particular ; which will be hereafter adverted to. Being content to adopt the views of the presiding Chancellor, except in reference to a particular point, it will be unnecessary to enter into any detailed consideration of the various grounds of appeal, discussed before this Court. Some observation, however, on the first ground, may not be inappropriate or uncalled for.— This ground is an appeal from the acknowledged discretion of the Circuit Court, in ruling the case for trial in opposition to a motion for a continuance, It assumes that this authority has been indiscreetly exercised. It is unnecessary to say that a discretionary power of continuing causes, or ordering them to a hearing, must necessarily be lodged with the tribunal charged with their trial. It is, furthermore, sufficiently obvious that the presiding Chancellor is a more competent judge of the causes that should operate as a continuance, than an appellate jurisdiction. It follows that an appeal from an exercise of this authority, can find but little favor in a Court of Appeals. I will not say that no case can occur, in which an appeal would lie, from the discretion of the Chancellor in matters of this nature, to the discretion of this Court. On the contrary, I think it very clear that this Court does possess the power, which it will exert at its own discretion, of reviewing the manner in which the Circuit Court has exercised its discretionary powers ; and in a proper case would interpose. But it must be an extraordinary case, and one in which it must obviously appear that the power to order a case to trial, in opposition to a motion to continue, has been rashly and indiscreetly exercised, that would warrant the interference of this Court. After these remarks it is but justice *127 to the presiding Chancellor to say that, in the opinion of this Court, his discretion, in this case, has been most judiciously exercised. To say nothing as to whether there had not been'' ample time, from the filing of the bill to the term at which the case was tried, for the defendant to have made all the necessary preparations for the trial, there appears to be something preposterous in the ground on which the motion for a continuance was urged; (with deference be it said, to the eminent and learned counsel who submitted it.) The defendant moved for a continuance, that he might have time to prove, not a fact that he could swear actually existed, but to ascertain the existence of a conjectural fact, and if that should turn out on investigation to have existence, that he then might prove it. This seems to me to be a total perversion of all the rules upon this subject. If there had been actual proof before the Court of the supposed fact, of which so much has been said; namely, that William Mayrant had signed the receipt to Fowler for the $4,400, as “ executor of Charles Mayrant,” it does not appear to this Court that it would have been material. This sum was received on the third note of Fowler, which fell due on the first day of January, 1838. William Mayrant had a right to apply only so much of this sum as was sufficient to pay the third instalment on the $8,000 bond, which fell due at the same time.— And this much was so applied. He had no legal or equitable authority under the assignment, to apply any of the proceeds of the third Fowler note as a ^re-payment on the fourth instalment of the bond of Robert P. Mayrant to the estate of Charles Mayrant, which was actually not then due. It is true he collected more than was sufficient to satisfy the instalment of the debt to the estate of Charles Mayrant that had fallen due, but the excess he had collected, not under the assignment to him as executor, but under another and distinct authority; under a power to him in his individual capacity. The excess thus collected, over what was then due to Charles Mayrant’s estate, he had no right to apply in further satisfaction of that claim, without the consent of Robert P. Mayrant, his principal. This consent was withheld. If, therefore, Wm. Mayrant had subscribed the receipt to Fowler, as “executor of Charles Mayrant,” it would have been an immaterial fact, inasmuch as it was proved that he only applied what, under the assignment, he was entitled to apply to the third instalment of the bond, and had paid the balance to Robert P. Hayrant, who had a right to receive it. This act of receiving would be referred, by this Court, to the different authorities under which he received the money.— The peculiar form or style of his signature, would avail nothing. So much as he was entitled to receive under the assignment, would be referred to that instrument, and be dis *128 posed of as it directs, and the excess would be referred to his other authority as agent, and subject to the undoubted legal claims of his principal. It was for the purpose of being allowed time to prove a fact thus immaterial, and at best, but conjectural as to its existence, that a motion to continue the cause was made, and a refusal to grant that motion has been made a ground of appeal to this Court. I have said more than I had intended, and certainly more than was necessary, on this part of the case. It is, however, a fit occasion to say, on this subject of continuances, that under the great facilities afforded for the preparation of causes for trial in this Court, and the infrequency of the sittings of the Circuit Courts, promptitude in bringing on causes to a hearing, may be reasonably expected, and will certainly be exacted. The party who seeks a continuance, must be prepared to make a very strong showing. Nothing short of this will answer for the despatch of business in the Circuit Courts of Equity.
There is, as I have said, one particular in which, in the opinion of this Court, the decree needs to be reformed, and this arises on a question made in the 8th ground of appeal. There cannot be a reasonable doubt that the complainant, as the legal representative of the estate of Charles Mayrant, has a lien upon the fund in the hands of the defendant, James S. Guignard, for the balance due upon the eight thousand dollar bond of Robert P. Mayrant, and this by virtue of the assignment of Fowler’s notes for that purpose. This assignment was the first in point of time, and conferred a lien earlier than and paramount to all others. I do not wish to add a word to what the presiding Chancellor has so well said in relation to this part of the case. But the smaller bond for five hundred and forty dollars, though unquestionably a just debt, stands upon an entirely different footing. It has not been protected by any assignment or lien upon the securities from which the fund in dispute has been derived. The Court considers the stipulations of the defendant, James S. Guignard, of the date of 6th December, 1846, (exhibit E. of complainant’s bill,) to the effect that this bond, as well as the balance due on the larger bond, should be first paid, as inoperative; or at all events insufficient to bind the trust estate, as regards its claims upon the fund. In the first place, it is doubtful whether the parties, at that date, did not deem the Fowler debt sufficient to satisfy both claims. And the agreement was evidently framed under a mistaken opinion, that both of the bonds due the estate of Charles Mayrant were covered by the assignment. Be that, however, as it may, it was [a waiver by a trustee of the rights of his cestui que trust, by a contract executory in its character, and without a valuable consideration; and in behalf of a party who was aware of the equities of the cestui que trusts. This Court *129 will not enforce such an agreement to the prejudice of the trust estate. And that part of the decree which gives to thev complainant an unqualified right to be paid the balance due upon this bond for $540, out of the fund in the hands of the defendant, James S. Guignard, is erroneous, and must be reformed in the manner hereinafter expressed.
This brings me to the consideration of another aspect of the case. The fund in dispute is the nett proceeds, and the commingled and undistinguishable product of the third and fourth notes of Dr. Fowler, upon which one entire decree was rendered, and this much realized under that decree by the sale of his property. Each of these notes was for $ 12,-000. Upon that due 1st January, 1838, a payment of $4,400 has been made to Wm. Mayrant, and by him correctly applied. The balance of the note and interest was due. Upon the other note (due 1st January, 1839,) the whole amount of the principal and interest was due. On the trial of the suit instituted in the Court of Equity, in the State of Mississippi, against Dr. Fowler, to recover the amount due upon these two notes, he succeeded in setting up, as a discount against them, the amount of two verdicts, each for the sum of $5,000, which he had recovered against Robert P. Mayrant for certain trespasses committed by him against said Fowler. And the decree was for the balance due upon the two notes, after deducting the discounts. Fowler became insolvent, and the sales of his property did not satisfy the whole amount for which the decree was rendered. The amount actually realized by the sales, was further and greatly reduced by the heavy expenses incurred in carrying on a protracted and fiercely contested litigation, at a distance from the parties interested in its prosecution.
William Mayrant had become the surety of Robert P. Mayrant for a considerable amount; and to indemnify him against these liabilities, the latter had assigned to the former, by an instrument bearing date the 23d day of March, 1839, the second and third notes of Dr. Fowler, subject to the pri- or claim of the estate of Charles Mayrant. And to indemnify and secure the trust estate of his wife, F. A. M. H. Mayrant, for the 17 negroes of that estate, which he had sold to Dr. Fowler, he had assigned to the trustees, (of whom the defendant, J. S. Guignard, is one,) the fourth note of Dr. Fowler, due 1st January, 1839 ; subject also to the prior claim of the estate of Charles Mayrant, for two thousand dollars and interest. The trust estate had no assignment of or lien upon Dr. Fowler’s third note. But as the amounts due upon these two notes were blended in the decree, and the fund in controversy is the nett amount realized from that decree, it cannot be said that this fund has been collected upon one of these notes, and not upon the other. It follows *130 that if the estate of William Mayrant still has claims against Robert Mayrant, on account of the surety liabilities intended to be covered by the latter’s assignment of the third note of Dr. Fowler, it constitutes an equity which cannot be disregarded in the distribution of this fund.
Whatever rights of priority, or in the way of lien, the estate of Wm. Mayrant may have upon the fund, have been waived by the executrix of that estate, in behalf of the estate of Charles Mayrant. The executrix has, in her answer, so waived her rights, and thus has made the waiver a matter of record. The Court is disposed to carry into effect this transfer of lien, and by virtue thereof, to substitute (as regards priority of claim upon the fund) the estate of Charles Mayrant in the place of Wm. Mayrant. And it is the judgment of the Court, that any lien which the estate of Wm. Mayrant may have upon the fund in the defendant’s hands, shall operate for the benefit of the estate of Charles Mayrant, towards the satisfaction of the bond for $540. If the lien, in favor of Wm. Mayrant’s estate, should be for less than sufficient to satisfy this bond, it shall operate pro tardo for the benefit of the estate of Charles Mayrant; if for more than sufficient to satisfy the bond, the residue shall remain for the estate of William Mayrant.
It is ordered and decreed that it be referred to the Commissioner to stale the accounts between the estate of Wm. Mayrant and Robert P. Mayrant, and if lie finds and reports a balance in favor of the estate of Wm. Mayrant, that he carefully discriminate and show how much, if any, be due on the liabilities intended to be secured in the assignment before referred to, and how much on general account. If the complainant should find a balance due the estate of William Mayrant, on account of surety liabilities, a question will arise as regards the apportionment of the fund between the estate of Wm. Mayrant and the trust estate. This question is reserved, as also all questions not adjudged by the circuit decree and the decree of this Court.
It is ordered and decreed that the circuit decree be modified as herein before explained, that in all other respects it be affirmed, and that the appeal, except as to the eighth ground, be dismissed.
DuNkin and Caldwell, CC. concurred.

Decree modified.